UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SILKSKIN, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>v.<br><br>EVENING SKY, LLC, a Utah limited liability company; EMILEE NEWELL HARMON, an individual; THOMAS JAMES RISKAS, an individual; MICHAEL JONES, individually and dba JONES INTERACTIVE,<br><br>    Defendants. | ***JUDGMENT***<br><br>Case No. 2:13-cv-00247-MMD-PAL |

## I.   RECITALS

1.   This matter was instituted by Plaintiff Silkskin, Inc., alleging that Defendants Evening Sky, LLC, Emilee Newell Harmon, and Thomas James Riskas (hereinafter "Defendants"), *inter alia*, infringed upon a registered trademark owned by Silkskin.

2.   Defendants filed an answer to the Complaint, denying they had violated or otherwise infringed the registered marks at issue.

3.   Plaintiff and Defendants also acceded to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Judgment enforceable against the Parties.

4. This Judgment is final and binding upon Plaintiff and Defendants, their successors and assigns, as to all the issues resolved within.

5. Plaintiff and Defendants agree that this Judgment fairly resolves the issues alleged in Civil Action No. 2:13-cv-00247-MMD-PAL, and constitutes a complete resolution of all claims against Defendants in this action.

6. The Parties have agreed to entry of this Judgment after compromised settlement of claims. This judgment does not constitute an admission of liability or wrongdoing by Defendants which expressly deny any wrongdoing.

7. For the purpose of amicably resolving disputed claims, Defendants join with Plaintiff in requesting this Court to adjudge as follows: IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## II.   JURISDICTION

8. The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

9. The duration of this Judgment shall be permanent.

## III.   EQUITABLE RELIEF FOR PLAINTIFF

10. Defendants Evening Sky, LLC, Emilee Newell Harmon, and Thomas James Riskas, and their members, officers, agents, servants, successors, employees, assigns, and all others in active concert or participation with Defendants, are permanently enjoined from:

a. Using SILKSKIN or SILKSKIN ULTRA (collectively, the "Marks"), or any reproduction, counterfeit, copy, or colorable imitation of the Marks, or any other trademark or service mark that is confusingly similar to the Marks, including without limitation SYLKSKIN or SYLK SKIN, on or in connection with any products, services, promotional

materials, websites or Internet domain names, including, without limitation, in connection with the manufacture, importation, distribution, promotion, advertising or sale of any of Defendants' skincare products or other goods;

    b. Infringing, counterfeiting or otherwise diluting the distinctive quality of the Marks, or taking any other action which has the effect of injuring Plaintiff's business or harming or tarnishing Plaintiff's reputation and goodwill in its Marks;

    c. Using any logo, trade name, trade dress, word, symbol, trademark or service mark that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff,

    d. Falsely representing themselves as being endorsed or approved by, or otherwise associated with Plaintiff, or engaging in any act which misrepresents the nature, characteristics, qualities, or origin of Defendants' goods, services, or commercial activities;

    e. From affixing, applying, annexing, or otherwise using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff, and from offering such goods in commerce;

    f. From otherwise unfairly competing with Plaintiff or infringing any of Plaintiff's Marks.

### IV. COSTS AND ATTORNEYS' FEES

11. Each party shall be responsible for and shall pay its own costs and attorneys' fees.

DATED this 18th day of November 2013.

_____
MIRANDA M. DU.
UNITED STATES DISTRICT JUDGE